IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENN M. WEINSTEIN,

      Plaintiff,

 v.                                                        No. 14-cv-0359 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse Agency Decision and Remand for Rehearing, with Supporting Memorandum [Doc. 19] ("Motion"), filed on October 14, 2014. The Commissioner responded on December 5, 2014. [Doc. 20]. Plaintiff replied on January 2, 2015. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 24]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly failed to consider the limiting effects of Plaintiff's non-severe mental impairment(s) on Plaintiff's residual functional capacity ("RFC"). Accordingly, the Motion will be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on December 17, 2010.  Tr. 24.  Plaintiff alleged a disability-onset date of July 11, 2008.  *Id.*  His claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  On June 27, 2012, a hearing was held before ALJ Ben Willner, in Albuquerque, New Mexico.  Tr. 24, 39.  Plaintiff was represented by counsel at the hearing.  Tr. 41.  The ALJ heard testimony from Plaintiff, Plaintiff's live-in girlfriend, and an impartial vocational expert ("VE"), Patricia A. Cowen.  Tr. 24, 41–76.

The ALJ issued his unfavorable decision on November 9, 2012.  Tr. 24–33.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 26.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, he found that Plaintiff suffered from the following severe impairments: "hip pain, status post surgery, myofascial low back pain, and lumbosacral disc bulging[.]"  Tr. 26–28.  The ALJ also found that Plaintiff suffered from depression that did not qualify as "severe" at step two.  Tr. 26–27.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 28.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 28–31.  The ALJ found that "[Plaintiff] has the [RFC] to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except that he can perform only occasional climbing, balancing, stooping, kneeling, crouching[,] and crawling and requires the use of a cane to help him ambulate."  Tr. 28.  At step four, the ALJ found that Plaintiff was unable to return to his past relevant work.  Tr. 31.  Therefore, he proceeded to step five.  *Id.*

Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.  Tr. 31–32.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  Tr. 32.  The Appeals Council denied Plaintiff's request for review on February 25, 2014.  Tr. 1−6.  Plaintiff timely filed the instant action on April 16, 2014.  [Doc. 1].

## Analysis

There is no reversible error in the ALJ's failure to find Plaintiff's mental impairments to be "severe" at step two.  However, the Court will reverse the Commissioner's final decision and remand the case for proper consideration of Plaintiff's non-severe mental impairment(s) in the formulation of his RFC.

Plaintiff first alleges that the ALJ erred at step two when he failed to find any severe mental impairment.  [Doc. 19] at 18–21.  Plaintiff argues that he made more than the required *de minimis* showing that his mental health conditions significantly limit his ability to do basic work activities and, thus, are "severe."  *Id.* at 19.  Plaintiff argues that the ALJ erred in finding no severe mental impairment at step two.  *Id.*  The Commissioner disagrees.  [Doc. 20] at 12–16.  She argues that even if the ALJ should have found additional severe impairments at step two— beyond those that he did find—such error is harmless.  *Id.* at 12−13.  The Commissioner explains that because the ALJ found at least one severe impairment at step two, he proceeded in the sequential evaluation process rather than denying the disability claims altogether at step two.  Therefore, she posits that there is no prejudice to Plaintiff in failing to find additional severe impairments at step two.  *Id.*  The Commissioner is correct.

Plaintiff's step-two argument fails as a matter of law because the ALJ in this case found at least one severe impairment and proceeded in the sequential evaluation process. An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A claimant must make only a *de minimis* showing for his claim to advance beyond step two of the analysis. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). Thus, step two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). To that end, a claimant is required to establish—and an ALJ is required to find—only one severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007) (rejecting argument that ALJ erred in failing to find an impairment severe at step two where the ALJ found other impairments were severe). The reason is grounded in the Commissioner's regulations describing step two, which state: "If you do not have *a severe* medically determinable physical or mental impairment . . . or a combination of impairments that is severe . . . , we will find that you are not disabled." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (emphasis added). By their plain terms, the regulations require a claimant to show only "*a* severe" impairment—that is, *one* severe impairment—in order to avoid a denial of benefits at step two. As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Accordingly, the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe. *Dray v. Astrue*, 353 F. App'x 147, 149 (10th Cir. 2009) (citing *Oldham*, 509 F.3d at 1256). Here, because the ALJ

found Plaintiff to have at least one severe impairment at step two, there is no reversible error in his failure to find additional impairments to be severe as well.

However, that is not to say that the disability evaluation process ends at step two with regard to an impairment found to be non-severe. For example, an ALJ must still "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [the RFC]." 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* Social Security Ruling 96-8p, 1996 SSR LEXIS 5, at *15, 1996 WL 374184, at *5 (substantially the same). Failure to do so constitutes reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

In the instant case, Plaintiff argues that the case must be remanded because the ALJ failed to consider the limiting effects of his mental impairments when formulating his RFC. *See* [Doc. 19] at 19–21. The Commissioner responds that "Plaintiff does not identify any particular restrictions that he believes are warranted[] but not included in the [RFC] assessment." [Doc. 20] at 12. The Commissioner is mistaken. Plaintiff identifies several mental-impairment-related limitations that he believes are supported by the record. [Doc. 19] at 19–20; [Doc. 25] at 1–2.

Most convincingly, Plaintiff points out that, at step two, the ALJ himself seemed to adopt Dr. Baum's assessment of his mental functioning. [Doc. 19] at 20–21; Tr. 27 ("I therefore grant greater weight to the opinion of Dr. Baum who is a licensed psychologist and better able to offer an opinion regarding [Plaintiff]'s overall mental functioning."). Dr. Baum opined that Plaintiff suffered from a moderate limitation in the ability to carry out instructions. Tr. 666. Dr. Baum further opined that Plaintiff suffers a marked limitation in the ability to attend and concentrate "without medication—[but is] stable with medication." *Id.* Nevertheless, at step four of the

sequential evaluation process, the ALJ did not mention or make any findings regarding Dr. Baum's report or the effects of Plaintiff's non-severe mental impairments.  Tr. 28–31.  He did not include any such limitations in his RFC assessment.  Tr. 29–31.  Nor did he explain why he excluded them.  *See* Tr. 29–31.  Instead, once the ALJ decided that Plaintiff's mental impairments were not severe at step two, he gave those impairments no further consideration. This was reversible error.  *See Grotendorst v. Astrue*, 370 F. App'x 879, 883–84 (10th Cir. 2010) (reversing and remanding, *inter alia*, where ALJ found mental impairments non-severe at step two but gave them no further consideration when assessing the RFC or formulating hypothetical questions for the VE).

Therefore, the Court finds that the ALJ failed to apply the correct legal standards in assessing Plaintiff's RFC.  The case must be remanded for consideration of this issue.  Because the RFC assessment may be changed on remand to address this error, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse Agency Decision and Remand for Rehearing, with Supporting Memorandum [Doc. 19] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**