IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENN M. WEINSTEIN,

    Plaintiff,

v.                                                 No. 14-cv-0359 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act . . . [Doc. 29] ("Motion"), filed on May 7, 2015. The Commissioner responded on May 13, 2015. [Doc. 30]. Plaintiff replied the following day, May 13, 2015. [Doc. 31]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 24]. Plaintiff moves the Court for an award of attorney fees in the amount of $2,613.20 under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. Having reviewed the record, the briefing, and the relevant law and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

**Background**

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. Tr. 24. After exhausting his administrative appeals, Plaintiff timely filed an action in this Court on April 16, 2014. [Doc. 1]. Ultimately, this Court agreed with Plaintiff that the Administrative Law Judge ("ALJ") had

failed to properly consider Plaintiff's non-severe mental impairment(s) in the formulation of his residual functional capacity ("RFC") assessment. [Doc. 27] at 7–8. Having found that the ALJ "failed to apply the correct legal standards in assessing Plaintiff's RFC," the Court reversed the Commissioner's final decision and remanded the case for further proceedings. *Id.* at 8.

Plaintiff now requests an award of attorney fees of $2,613.20 pursuant to EAJA. [Doc. 29]. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 30].

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. [Docs. 29, 30].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). "The test for substantial justification in this circuit is one of reasonableness in *law* and fact." *Hackett*, 475 F.3d at 1172 (emphasis added) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district court's remand

order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).

Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 795, 2001 WL 10316, *2 (10th Cir. Jan 4, 2001) (unpublished); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

Here, the Commissioner argues that her position was substantially justified because there was some evidence in the record showing that Plaintiff's mental impairments did not impose any work-related limitations. [Doc. 30] at 4. That is, she argues that there is evidence tending to show that Plaintiff's mental impairments caused no functional limitations for inclusion in the RFC. *Id.* However, *the ALJ* made no such finding. Tr. 29–31. This case did not turn on whether the ALJ's findings were supported by substantial evidence. *See* [Doc. 27]. This case turned on the ALJ's failure to apply the correct legal standards. *Id.* at 7 (citing 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 SSR LEXIS 5, at *15, 1996 WL 374184, at *5)).

Even though the ALJ in this case found that Plaintiff's mental impairments were not severe at step two, he was still bound to consider the effect of those non-severe impairments in assessing the RFC.  He did not.  Tr. 29–31.  Instead, after finding that the mental impairments were not severe at step two, he gave them no further consideration.  *Id.*  That error warranted remand.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  Regarding the instant motion for fees, the Commissioner makes no argument in defense of the ALJ's failure to apply the correct legal standards, i.e., failure to assess the effect of Plaintiff's mental impairment on his RFC. *See id.*

The Court finds that the Commissioner failed to meet her burden to show that her position was substantially justified because: (1) the facts cited by the Commissioner do not address the agency's *legal* error, and they constitute an impermissible, post hoc rationalization, *see* [Doc. 30] at 4–5; and (2) the agency failed to apply the proper legal standards in evaluating the effect of Plaintiff's mental impairments on the RFC, and the Commissioner has provided no reasonable basis for these legal errors.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act . . . [Doc. 29] is **GRANTED**, and Plaintiff Glenn M. Weinstein is authorized to receive $2,613.20 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress

harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**